LAW OFFICES OF BEN WEISBUCH, P.C.

May 11, 2009

**BY HAND DELIVERY**
Honorable Judge Nancy Gertner
John J. Moakley Courthouse
1 Courthouse Way
Boston, MA 02110

**RE: Chao v. Balista, et al. 07-cv-10934**
**Supplemental Briefs In Re. Commonwealth's Motion to Dismiss**

To This Honorable Court:

Regarding the Commonwealth's Motion to Dismiss, kindly find Plaintiff's additional arguments, listed below.

The Plaintiff respectfully requests that the Court denies the Commonwealth's Motion and allow the Plaintiff to gather full discovery so she can have the opportunity to prove her case.

**SUMMARY**

1. **Commissioner Kathleen Dennehey should not be dismissed as an individual defendant despite her omission from the "Parties" section of the Plaintiff's Second Amended Complaint as this omission was a mere technical and typographical oversight during re-draft of the text. *6A Wright, Miller & Kane, Federal Practice and Procedure, ß 1497 (2d ed. 1990). See also 3 Moore's Federal Practice (1990).* The Plaintiff never had the intention of dropping Dennehey from the suit. Dennehey has been a named defendant in every subsequent pleading and the allegations against her are reasonable given what is now known about the facts of this case.**

2. **Carl Spencer is properly named as a defendant in this case as the Plaintiff's Second Amended Complaint relates back to her original Complaint. Serrano v. Lebron Gonzalez, 909 F.2d 8 (1990). See also Hernandez Jimenez v. Calero Toledo, 604 F.2d 99 (1st Cir. 1979). As a SMCC supervisor who assisted in the investigation of Ballista, whose immediate superiors and colleagues were named and served as defendants in the initial action, (1) the claims against Spencer arose "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; (2) Spencer received notice of the action and is not prejudiced in any way, and (3)**

358 Watertown St. • Newton, MA 02458 • T (617) 448-8080 • F (617) 467-5085

**Spencer knew or should have known the action would have been brought against him in 2006 but for a mistake concerning his proper identity.**

## ARGUMENT

### I. Dennehey Should not be dismissed as a named Defendant despite the omission of her name from the Plaintiff's Second Amended Complaint.

Massachusetts Courts generally will not dismiss a complaint based on procedural technicalities unless "material prejudice" to the "substantial rights of the party against whom" the complaint has been issued. Frankston v. Denniston, 376 F. Supp. 2d 35 (D.Mass. 2005); see also Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995)(as regards service of process, at least, "technical error" absent actual prejudice or evidence of a flagrant disregard of the requirements of the rules does not justify dismissal.").

Court's have generally allowed technical errors to be corrected where such corrections do not set up a new claim for relief and was suggested in the original complaint. O'Loughlin v. National R. Passenger Corp., 928 F.2d 24, 26 (1st Cir. 1991); citing Tessier v. United States, 269 F.2d 305, 308 (1st Cir. 1959).

In the present case, Commissioner Dennehey should not be dismissed as an individual defendant despite her omission from the "Parties" section of the Plaintiff's Second Amended Complaint. The omission of her name was a drafting oversight and technical error when adding Carl Spencer as a named defendant. The Plaintiff never intended to drop Dennehey as a defendant from the suit. Dennehey has not suffered any prejudice if she remains a named defendant because Dennehey has been a named defendant in every Complaint filed in this case. She has answered each and every allegation against her.

Moreover, dismissing Dennehey at this point would be a grave error given the newly produced evidence by the DOC that shows that that members of Dennehey's office had direct knowledge of the Ballista sexual investigation months prior to Ballista's termination. Specifically, Exhibit K appears to show that Dennehey's second-in-command – Deputy Commissioner Bender and an unnamed Deputy Director – received direct and actual notice of the sexual assault during the investigation. By this alone, it appears that Dennehey knew or at least should have known of the crimes against Chao which then continued until Chao's release months later. At this point, Dennehey's role in this affair cannot and should not be dismissed.

### II. All Allegations against Carl Spencer Relate Back to Chao's original Complaints before Judge Wolf (06-cv-11351)

Carl Spencer is properly named as a defendant in this case. The Plaintiff's Second Amended Complaint relates back to her original Complaint. Serrano v. Lebron Gonzalez, 909 F.2d 8 (1990). See also Hernandez Jimenez v. Calero Toledo, 604 F.2d 99 (1st Cir. 1979).

As the Supreme Court has said, "the requirements of the rules of procedure should be liberally construed and ... 'mere technicalities' should not stand in the way of consideration of a case on it's merits." Singletary v. Pa. Dep't of Corr., 266 F.3d 186 (2001); Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988).

As this Honorable Court knows, under Rule 15(c), a motion to add a defendant will relate back to the date of the filing of the original complaint if the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"--is met, if the party to be added "'received such notice of the . . . action that [the party] will not be prejudiced . . . and . . . [the party] knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.'" (quoting Fed. R. Civ. P. 15(c)).

**(a) "Arising out of the conduct, transaction or occurrence ..."**

The first prong of 15(c) has been met. All claims against Spencer arose out of the conduct, transaction or occurrence of civil rights violations set forth in Chao's original pleading against him as a key investigator and supervisor within the SMCC. Her allegations against Spencer and others are multiple and damning and Spencer did not suffer any prejudice by being named this late in the game.

**(b) Spencer had notice due to Identity of Interest with his Supervisors, Actual and Constructive due to his own actions and termination, and notice due to the Shared Attorney principle**

The second prong of 15(c) has been met. Spencer had actual and constructive notice in this case because of (1) the identity of interests he shared with the originally named prison officials; (2) his direct actions leading the violation of Chao's Civil Rights which it appears cost him his employment at the DOC, and (3) the shared attorney principle.

**i. Identity of Interests principle.**

Spencer had notice give the identity of interests he shared with the originally named prison officials in this case. Schiavone v. Fortune, 477 U.S. 21, 91 (1986). Spencer, as a SMCC supervisor who assisted in the investigation of Ballista, whose immediate superiors and colleagues were named and served as defendants in the initial action had sufficient identity of interests to have notice of this action within the required time period.

The case of Serrano v. Lebron Gonzalez, 909 F.2d 8 (1st Cir. 1990) is squarely dispositive on this issue.

358 Watertown St. • Newton, MA 02458 • T (617) 448-8080 • F (617) 467-5085

In the Serrano v. Lebron Gonzalez, case the plaintiff, a prisoner in Puerto Rico, brought a § 1983 lawsuit alleging that a prison guard violated his civil rights by standing idly by as the plaintiff was stabbed seven times by other inmates in the Intensive Treatment Unit of the prison. The original complaint was filed pro se, and named as defendants the superintendent of the prison and the head administrator of the Puerto Rican prison system. The District Court allowed the plaintiff's amended complaint, which added the prison guard as a defendant, to relate back to the original complaint under Rule 15(c)(3), on the grounds that the identity of interest that the prison guard shared with the prison officials named in the original complaint meant that the notice given to the latter could be imputed to the former.

The First Circuit held that the district court did not err in imputing notice to the prison guard based on the identity of interest he shared with the originally named prison officials. In finding this identity of interest, the Court of Appeals focused on the facts that the originally named defendants were the prison guard's superiors, the prison guard was present at the attack, and the guard continued to work in the Intensive Treatment Unit where the plaintiff remained as an inmate, subject to special protective measures (so the guard and the prisoner would likely have had further contact). Under these facts, the court held that "it is entirely reasonable to assume that [the prison guard] was notified or knew of the lawsuit commenced by [the prisoner] as a result of the assault." Id. at 13.

In the present case, as in Lebron, it can be presumed that Spencer had notice of the filing of Chao's original complaint, since Spencer "was an employee whose immediate superiors and colleagues were named and served as defendants in the initial action." Id. at 726. Spencer was present during the interrogations of Chao, assisted in the subsequent investigation, and continued to work at the SMCC while Ballista was the subject of extensive special protection in the "Bubble." As in Lebron, this Court should conclude that Spencer had notice of the filing of the original complaint, and that Spencer was not prejudiced by the delay caused by Chao's failure to name him as a defendant in the original complaint. See Id. slip op. at 10-11.

**ii. Spencer had actual and/or constructive notice due to his own actions that resulted in his termination from the DOC**

Spencer also had direct and/or constructive notice that he had committed or was committing civil rights violations against Chao and/or others at the time of his statement to Chao that she should take her knowledge of Ballista "to the grave". He made these and other statements and/oracts that seem to have resulted in his termination from the DOC. He reasonably gained notice from his own direct and indirect actions at this point.

**iii. The DOC and Spencer -- Shared Attorney Principle**

Moreover, Spencer likely had notice under Rule 15(c)(3)(A) in that he and all the other named defendants shared the same attorney through the Department of Corrections. The same attorneys have been defending the DOC officials as would defend Spencer. It would be unlikely if Spencer had not been made aware of the suit, or Defendant's

Counsel had not in some way inquired of Spencer, during the relevant times following the filing of the Complaint.

**(c) But For A Mistake Concerning the proper identity of "Security Director"**

The third prong of Rule 15(c) has also been met. But for a mistake concerning his proper identity Fed.R.Civ.P. 15(c), Spencer knew or should have known he would have been a named party within the statute of limitations period. There is no unfair prejudice issue here against Spencer.

In and/or about 2005, prior to filing suit, an investigation was made on the Plaintiff's behalf to identify the names of possible prison officials who might be listed as named defendants. Telephone calls were placed to the SMCC. (See Plaintiff Counsel's Affidavit, Attached). SMCC officials provided the names of Tortora, Azzato, Ryan and others as the officials in charge of security and investigation over the past years. Carl Spencer's name was not provided. It is now known that Carl Spencer was terminated and had left the SMCC by this time. The officials within the SMCC did not provide the name of Carl Spencer when asked. Mark Yuille's name was not provided. The names of the nurses who provide birth control to Chao were not provided. The names of "ADC Marshall" and Acting Deputy Commissioner Bender (See Exhibit K to the Commonwealth's Motion to Dismiss) were not provided.[1]

But for this misinformation provided by officials within the SMCC, Carl Spencer would have been listed as a named defendant in Chao's original complaint. Prior to the Defendants' Motion to Dismiss, the Plaintiff had never been provided access to the documents held by the Department of Corrections. This is not a case of lack of evidence against Spencer but rather a mistake in the identity of the head of security at the SMCC during the relevant time.

Accordingly, it is respectfully suggested that Dennehey should remain in this suit as a named defendant and that Spencer be added as a named defendant.

Thank you for your time and attention to this matter.

Very truly yours,

LAW OFFICES OF BEN WEISBUCH, P.C.

/s/ Benjamin Berman Weisbuch, Esq.

---

[1] Plaintiff intends to Motion this Court to allow a Third Amended Complaint adding these individuals who were involved in the investigation and knew and/or should have known Chao was being raped as named defendants in their individual capacity.

358 Watertown St. • Newton, MA 02458 • T (617) 448-8080 • F (617) 467-5085